# HANG & ASSOCIATES, PLLC
ATTORNEYS AT LAW
136-18 39th Avenue, Suite 1003
Flushing, New York 11354

May 17, 2019

Lorena P. Duarte, Esq.
Tel : (718) 353-8522
Fax: (718) 353-6288
Email: lduarte@hanglaw.com

**VIA E-Mail:**
Hon. Judge Lorna G. Schofield
United States District Court
Southern District of New York
40 Foley Square
New York, NY 10007

>   **RE: Case No. 18-cv-10534-LGS**
>   **Hector Placido, Marcelo Caramo, Ricardo Placido v. The Suma Sushi NYC, Inc. d/b/a Suma Sushi, Li Wen Qiu, Guofeng Chen, Guo Xun Chen, et al.**

Dear Judge Schofield:

   Plaintiffs Hector Placido ("Plaintiff Hector,"), Marcelo Caracmo ("Plaintiff Carcamo), Ricardo Placido ("Plaintiff Ricardo")(collectively "Plaintiffs") and Defendants, The Suma Sushi NYC, Inc. d/b/a Suma Sushi, Li Wen Qiu, and Guofeng Chen (collectively, "Defendants") respectfully request that Your Honor approve the settlement reached in this matter. A copy of the proposed settlement agreement is annexed herein as **Exhibit A**.

   **I.    Plaintiff's Allegations and Defendants' Responses**

   This action was originally brought by Plaintiffs for alleged failure to pay minimum wages, unpaid overtime wages, unpaid "spread of hours" premium, failure to give a wage notice at time of hire, failure to provide paystubs and failure to reimburse for tools of the trade pursuant to the Fair Labor Standards Act ("FLSA"), 29 U.S.C. 201 et seq., and the New York Labor Law ("NYLL"). Plaintiffs alleged that they were formerly employed as delivery workers, dishwashers, and/or cleaners for The Suma Sushi NYC, Inc. d/b/a Suma Sushi, a restaurant owned by Defendants and located at 964 Amsterdam Avenue, New York, NY 10025

   Plaintiff Hector alleged that Defendants hired him as a delivery worker, dishwasher and cleaner from on or about January 2017 to February 2018.  Plaintiff Hector alleges that during this period he worked five days per week from 12:00 pm to 11:00 pm for a total of fifty-five (55) hours per week. Plaintiff Hector was paid $8.00 per hour in check. The applicable minimum wage during 2017 for tipped employees was $7.50 per hour, for untipped employees was $11.00 per hour. The applicable minimum wage during 2018 for tipped employees was $8.70 per hour,

for untipped employees was $13.00 per hour. Plaintiff Hector was not paid proper minimum wage, overtime, nor Spread of Hours premium. Plaintiff Hector also spent $1,450 to purchase an electric bicycle and helmet and approximately $80 per month to maintain and repair the electric bicycle for which he was not reimbursed.

Plaintiff Carcamo alleged that Defendants hired him as delivery worker, dishwasher and food preparer from on or about September 2017 to May 2018. Plaintiff Carcamo alleged that during this period he worked forty (40) hours per week. Plaintiff Carcamo was paid $10.70 per hour in check in either capacity of a food preparer, dishwasher or delivery worker. The applicable minimum wage during 2017 for untipped employees was $11.00 per hour. The applicable minimum wage during 2018 untipped employees was $13.00 per hour. Plaintiff Carcamo was not paid proper minimum wage. Plaintiff Carcamo also spent $1,650.00 to purchase an electric bicycle and helmet and approximately $100 per month to maintain and repair the electric bicycle for which he was not reimbursed.

Plaintiff Ricardo alleged that Defendants hired him as a delivery worker on or about August 2016 to May 2018. Plaintiff Ricardo alleges that during this period he worked ten (10) hours per week and was paid $6.00 per hour. The applicable minimum wage during 2016 for tipped employees was $7.50 per hour, for untipped employees was $9.00 per hour. The applicable minimum wage during 2017 for tipped employees was $7.50 per hour, for untipped employees was $11.00 per hour. The applicable minimum wage during 2018 for tipped employees was $8.70 per hour, for untipped employees was $13.00 per hour. Plaintiff Ricardo also spent $1,400.00 to purchase an electric bicycle and approximately $90.00 per month to maintain and repair the electric bicycle for which he was not reimbursed.

Plaintiffs were not provided a wage notice, at the time of their hiring or anytime thereafter, in English and in Spanish (the primary language identified by Plaintiffs), of their rate of pay, employer's regular pay day, and such other information. Defendants also did not provide Plaintiff Ricardo with proper statement of wages with each wage payment as required by NYLL.

Defendants have advised that Plaintiff's worked fewer hours than alleged, received all earned tips and were properly paid all earned wages were paid.

In sum, there is a bona fide dispute between the Parties regarding the merits of Plaintiff's wage and hour claims. The instant settlement constitutes the Parties' effort to resolve same in an amicable fashion through arm's length bargaining.

## II.   **Settlement Negotiations**

At the inception of the litigation, Plaintiff submitted a settlement demand in the amount of approximately $65,000.00, exclusive of attorney's fees. The demand was wholly based on Plaintiff's maximum possible recovery if they were able to establish each and every claim. Defendants contend that to avoid the expense and aggravation of litigation Defendants were willing to pay a premium, within reason, to settle this matter before protracted and costly litigation. In view of that, Defendants initial offer of settlement was $10,000. The Parties engaged in good faith settlement discussions throughout a period of 3 months and the Parties agreed on the settlement amount of $34,500.00 in order to avoid potentially significant and unanticipated burdens and expenses in establishing their respective positions.

The gross settlement amount is $34,500.00, inclusive of Plaintiff's counsel's attorneys' fees and costs of $11,810.96 with settlement payments to Plaintiff Hector of $15,444.00 Plaintiff Carcamo of $3,985.04, and Plaintiff Ricardo of $3,260.00. The attorney's fees and costs are allocated as follows: $11,174.96 for fees, and $636.00 for costs. This reflects a reasonable compromise between the parties' dispute over Defendants' alleged failure to pay minimum wages, unpaid overtime wages, failure to give a wage notice at time of hire, failure to provide paystubs, and failure to reimburse for tools of the trade. This amount also considers the costs and the uncertainty of protracted litigation, in particular significant concerns about the collectability of a judgment against Defendants. This settlement was reached after extensive negotiations between the parties and the parties agree that the settlement is fair and reasonable.

### III. The Settlement is Fair and Reasonable

The Second Circuit's decision in *Cheeks v. Freeport Pancake House, Inc.*, 2015 WL 4664283 (2d Cir. 2015) provides that stipulated dismissals settling FLSA claims with prejudice require the approval of the district court or the Department of Labor. An FLSA settlement should receive judicial approval where it is "fair and reasonable." *See Wolinsky v. Scholastic, Inc*. 900 F. Supp. 2d 332, 335 (S.D.N.Y. 2012). Generally, there is a "strong presumption in favor of finding a settlement fair," as "the Court is generally not in as good a position as the Parties to determine the reasonableness of an FLSA settlement." *Crabtree v. Volkert, Inc*., No. 11–0529–WS–B, 2013 WL 593500, at *3 (S.D. Ala. Feb. 14, 2013). Moreover, "[c]ourts approve FLSA settlements when they are reached as a result of contested litigation to resolve *bona fide* disputes." *In re Penthouse Executive Club Compensation Litig*., No. 10-cv-1145, 2014 U.S. Dist. LEXIS 5864, at *22 (S.D.N.Y. Jan. 14, 2014) (noting that the inherent adversarial nature of a litigated FLSA case is adequate indicator of fairness of settlement). In considering whether a settlement is fair and reasonable, the principal question is "whether the agreement reflects a 'reasonable compromise of disputed issues [rather] than a mere waiver of statutory rights brought about by an employer's overreaching.'" *Le v. SITA Info. Networking Computing USA, Inc.*, No. 07-CV-86, 2008 WL 724155, at *1 (E.D.N.Y. Mar. 13, 2008) (*quoting Lynn's Food Stores, Inc. v. U.S. By & Through U.S. Dep't of Labor, Employment Standards Admin., Wage & Hour Div.,* 679 F.2d 1350, 1354 (11th Cir. 1982)).

It is apparent that the Agreement in this matter is a fair and reasonable resolution of the bona fide disputes between the Parties. This is because the Agreement: (1) enables the Parties to avoid the possible substantial burdens and expenses of establishing their respective claims and defenses and accounts for the risks in proceeding with the litigation; and (2) is the product of arm's-length bargaining between experienced labor and employment counsel which was completely devoid of any semblance of fraud or collusion. *See gen. Wolinsky*, 900 F. Supp. 2d at 335. Accordingly, it is respectfully requested that the Agreement be approved in its entirety.

### IV. Plaintiff's Application for Attorney's Fees Should Be Approved

The settlement agreement also provides for reasonable attorneys' fees. Pursuant to our firm's agreement with the Plaintiff the firm will be reimbursed $636.00 in filing fees, costs, and retain 1/3 of the remaining settlement amount of $11,174.96, which comes to $11,810.96 as set forth in Paragraph 2 of the Settlement Agreement. Based on my experience in handling FLSA and NYLL matters, this is a standard and acceptable arrangement for attorneys' fees.

3

Attorneys' fees of 33% on FLSA and NYLL claims are routinely approved by courts in the Second Circuit. *See, e.g., Calle v. Elite Specialty Coatings Plus, Inc.,* 2014 U.S. Dist. LEXIS 164069 (E.D.N.Y. Nov. 19, 2014) (approving settlement of FLSA and NYLL claims stating that a "one-third contingency fee is a commonly accepted fee in this Circuit"); *Rangel v. 639 Grand St. Meat & Produce Corp.,* 2013 U.S. Dist. LEXIS 134207 (E.D.N.Y. Sept. 19, 2013). This case is distinguishable from the case cited in *Cheeks*, wherein that settlement agreement was denied because the attorneys' fees were set at between 40 and 43.6 percent of the total payment, without justification to support the higher fees. *Cheeks v. Freeport Pancake House, Inc.*, 796 F3d 199, 206 (2d Cir 2015) (*citing Lopez v Nights of Cabiria, LLC*, 96 F Supp 3d 170, 181-82 (SDNY 2015). Therefore, as 1/3 is standard practice in FLSA claims, it is a fair number for this matter as well.

Hang & Associates, PLLC ("Hang & Associates") represents both plaintiffs and defendants in litigating claims arising out of the employment relationship, including claims for employment discrimination, wage and hour issues, and contact disputes. Mr. Jian Hang, Esq., principal attorney of Hang & Associates, has over ten years of experience in the field of employment law. His office currently represents plaintiffs with wage & hour claims in more than 100 lawsuits in federal and state courts and is well respected in the Flushing community. Prior to forming Hang & Associates Mr. Hang practiced labor law at Epstein, Becker & Green, P.C. Hang & Associates focuses exclusively on employment law. Given his years of experience, and the practice's specialized focus on employment law, Jian Hang typically charges an hourly rate of $400. I, Lorena P. Duarte, Esq., lead attorney on this case, have experience in employment, family, real estate, and mass tort litigation. Being fluent in Spanish and French, I specialize in representing the Spanish speaking community in these cases both on plaintiff and defendant side. Currently, I independently handle a case load of 45+ cases which includes client intake, discovery, depositions, motion practice, settlement and possible trial and bill an hourly rate of $300. Hang & Associates spent a considerable amount of time on this matter, and had it been billing hourly, it would have incurred fees and costs of $12,741.00.

## V. Conclusion

For the foregoing reasons, Counsel for all parties respectfully submit that the Settlement Agreement is fair and reasonable, and therefore jointly request that the Court approve or so order the Settlement Agreement.

Respectfully submitted,

*/s/ Lorena P. Duarte*
Lorena P. Duarte, Esq.

4