```
UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------X
                                                            :
HECTOR PLACIDO, et al.,                                     :
                                  Plaintiffs,               :
                                                            :        18 Civ. 10534 (LGS)
                  -against-                                 :
                                                            :                ORDER
THE SUMA SUSHI NYC, INC., et al.,                           :
                                  Defendants.               :
------------------------------------------------------------X
```

USDC SDNY
DOCUMENT
ELECTRONICALLY FILED
DOC #:_____
DATE FILED: 5/20/2019

LORNA G. SCHOFIELD, District Judge:

WHEREAS, on May 17, 2019, the parties filed their *Cheeks* letter, settlement agreement and time records.  It is hereby

**ORDERED** that the settlement agreement is **APPROVED** as fair and reasonable based on the nature and scope of Plaintiffs' claims and the risks and expenses involved in additional litigation.  *See Cheeks v. Freeport Pancake House, Inc.*, 796 F.3d 199, 206–07 (2d Cir. 2015); *Wolinsky v. Scholastic, Inc.*, 900 F. Supp. 2d 332, 335–36 (S.D.N.Y. 2012) (outlining the factors that district courts have used to determine whether a proposed settlement is fair and reasonable).  It is further

**ORDERED** that Plaintiffs' counsel's request for $11,174.96 in attorneys' fees and costs is **GRANTED**.  This amount is less than the lodestar calculation and is approximately one-third of the settlement.  The Court finds this amount to be fair and reasonable in light of the quality of counsel, risks of litigation and the litigation's magnitude and complexity.  *See Hui Luo v L & S Acupuncture, P.C.*, 649 Fed. Appx 1, 2 (2d Cir. 2016) (summary order) (stating that the lodestar is the presumptively reasonable fee, particularly in fee shifting cases, such as those under FLSA, where the financial recovery is likely to be small); *Perez v AC Roosevelt Food Corp.*, 744 F.3d 39, 44 (2d Cir. 2013) (acknowledging precedent that "the lodestar—the product of a reasonable hourly rate and the reasonable number of hours required by the case—creates a presumptively

reasonable fee."); *Millea v. Metro-N. R. Co.*, 658 F.3d 154, 166–67 (2d Cir. 2011). The remainder of the settlement shall be distributed to Plaintiffs.

Dated: May 20, 2019
      New York, New York

                                                     **LORNA G. SCHOFIELD**
                                                     **UNITED STATES DISTRICT JUDGE**